UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MARTIN,

       Petitioner,                                Case No. 1:09-CV-1063

v.                                                  HON. GORDON J. QUIST

BLAINE LAFLER,

       Respondent.
                                    /

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on April 2, 2010. The Report and Recommendation was duly served on the parties. The Court has received objections from Petitioner. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court finds Petitioner's objections to be without merit.

Petitioner's conviction became final on December 7, 2001, but Petitioner did not file his habeas application until November 5, 2009, almost eight years later. The Magistrate Judge found that the statute of limitations expired on December 7, 2002, and that Petitioner's § 2254 action was barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Petitioner's objections focus on his ineffective assistance of counsel claim and procedural default. However, as the Magistrate Judge noted, a claim for ineffective assistance of counsel in a motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th

Cir. 2004) (citing *McClendon v. Sherman*, 329 F.3d 490 (6th Cir. 2003)). Moreover, whether Petitioner failed to comply with a state procedural rule and thus procedurally defaulted a claim is irrelevant because Petitioner failed to file his habeas application within one year of the final judgment on direct review. Therefore, Petitioner's objections will be overruled.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (docket no. 12) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of habeas corpus is **DENIED**, and a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for immediate consideration (docket no. 3) is **DISMISSED AS MOOT**.

**This case is concluded.**


Dated: August 12, 2010         /s/ Gordon J. Quist
                               GORDON J. QUIST
                               UNITED STATES DISTRICT JUDGE